UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR WILFREDO CAAL LEAL,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

No.  2:26-cv-00625-DAD-JDP (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITIONER'S PETITION FOR WRIT OF *HABEAS CORPUS*, AND DENYING RESPONDENT'S MOTION TO DISMISS

(Doc. Nos. 1, 6, 10)

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

On April 16, 2026, the assigned magistrate judge issued findings and recommendations recommending that the petition (Doc. No. 1) be granted and respondent's motion to dismiss (Doc. No. 6) be denied.  (Doc. No. 10.)  Specifically, the assigned magistrate judge found that petitioner was entitled, as required by due process, to the preliminary injunctive relief already granted by the undersigned being converted into a permanent injunction.  (*Id.*)  The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service.  (*Id.*)  On April 22, 2026, respondent filed objections to the pending findings and recommendations.  (Doc. No. 11.)

1

Respondent objects to the findings and recommendations for the reasons stated in the respondent's motion to dismiss the petition. (*Id.* at 1.)  This does not provide a basis upon which to reject the pending findings and recommendations.  Respondent also argues that if hypothetically petitioner were to be ordered removed in the future, then the relief recommended in the findings and recommendations "may conflict" with mandatory detention pursuant to 8 U.S.C. § 1231(a)(2). (*Id.* at 1–2.)  Respondent thus requests the court to include language in any order adopting the findings and recommendations explicitly stating that the government is not enjoined and restrained from re-detaining petitioner if he becomes subject to a final order of removal. (*Id.* at 2.)  As the court has previously explained in other cases, respondent's request is premature because whether petitioner will be ordered removed is unknown and may not occur at all. *Singh v. Chestnut*, No. 1:26-cv-01867-DAD-CSK, 2026 WL 1697065, at *1 (E.D. Cal. June 11, 2026) ("A court ordinarily ought not resolve issues involving contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotation marks omitted). Accordingly, respondent's request in this regard is denied.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons stated above,

1.     The findings and recommendations filed on April 16, 2026 (Doc. No. 10) are ADOPTED IN FULL;

2.     Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a.     Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a pre-detention hearing before an immigration judge where respondent will have the burden of demonstrating that petitioner is either a flight risk or danger by clear and convincing evidence;

/////

2

3.    Respondent's motion to dismiss (Doc. No. 6) is DENIED; and

4.    The Clerk of Court is directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated:    **June 29, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3